THE METALLOGRAPH CORPORATION, Respondent, *v.* ARMA ENGINEERING COMPANY, INC., Appellant.

First Department, April 1, 1921.

Pleadings — bill of particulars — failure to comply with order directing itemized statement of services performed and materials furnished — order precluding plaintiff from making proof of facts not particularized.

In an action based on *quantum meruit* for services rendered in the manufacture of tools and for materials furnished, an order for a bill of particulars directing an itemized list of the services performed and materials furnished, is not complied with by a bill which does not itemize the services performed and materials furnished and does not specify the persons employed in such service and the cost and expense of every item of material furnished which entered into the alleged services.

For the failure so to specify, as required by the order, the defendant is entitled to an order of preclusion barring the plaintiff from making proof of the facts which were not thus particularized.

APPEAL by the defendant, Arma Engineering Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1921, denying defendant's motion to preclude plaintiff from giving any evidence in support of the allegations or matters set forth in the amended complaint, of which further particulars have not been furnished as required by previous order.

*Walter Jeffreys Carlin,* for the appellant.

*Irwin M. Berliner* of counsel [*Mark Eisner,* attorney], for the respondent.

SMITH, J.:

The action is brought to recover for 200 sets of tools for which under the contract between the parties the plaintiff was to be paid $67 per set. The tools were to be used for army purposes. The contract entire was for the furnishing of 5,000 sets of these tools. As to the first 200 sets it was stipulated that the order should not be subject to cancellation. As to the remaining 4,800 sets it was stipulated that the order was subject to cancellation in case the tools were not required for government purposes. As to the 4,800 sets the order was canceled and no recovery is sought therefor. The action is brought to recover the sum of $13,400 for the 200 sets delivered, which were not subject to cancellation, and the second cause of action stated in the complaint is based upon a *quantum meruit* upon the allegation that the services were rendered in the manufacture of said tools at the special request of the defendant, and that the agreed price and *reasonable value* of the services performed and the material furnished was the sum of $13,400.

The bill of particulars ordered required the plaintiff to set forth copies of the contract alleged in paragraph 10 of the amended complaint, and whether the agreement as to the price for the services performed and materials furnished was in writing or oral, and an itemized list of the services performed and the materials furnished, the reasonable value of which was $13,400. This order was accepted by the plaintiff and no appeal was taken therefrom. In response thereto the plaintiff set forth two letters which form the contract under which the services were rendered, and further specified that the oral parts of such agreement were as specified in a former bill of particulars designated as III-E. Said former bill of particulars was verified December 6, 1920, and set forth certain services performed as specified in said paragraph 10 of the complaint, which, however, does not itemize the services performed and the materials furnished as is required by paragraph 4 of the order requiring the bill of particulars, and does not specify the persons employed in such service and the cost and expense of every item of material furnished on the part of the plaintiff entering into such alleged services. The bill of particulars, therefore, is clearly

insufficient as not complying with the requirements of the order as to an itemized statement of the services performed and of materials furnished, upon which a recovery could be had as upon a *quantum meruit.*

For failure so to specify, as required by the order, the defendant was entitled to an order of preclusion barring the plaintiff from making proof of the evidence which was not thus particularized. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the plaintiff should be precluded from showing upon the trial of the action what was the reasonable value of the services performed and of the materials furnished, the reasonable value of which was alleged to be the sum of $13,400, and the plaintiff should be limited to a recovery upon the contract for the agreed price for the furnishing of the sets of tools as set forth in the complaint.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion.